IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SIMM CALVIN LILES, JR., PRO SE, § | |
| TDCJ-CID #779799, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | 2:04-CV-0322 |
| § | |
| CLEMENTS UNIT STAFF MEMBERS and § | |
| MIDDLETON UNIT MEDICAL STAFF, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff SIMM CALVIN LILES, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Upon review of plaintiff's original complaint, the Court issued a May 11, 2005, Order and Notice of Deficiency requiring plaintiff, in relevant part, to submit a pleading entitled "Submission of Court-Ordered Statement of Facts" identifying each defendant, specifying each act or omission by that defendant providing the basis for each claim for relief, as well as the date of each alleged act or omission. Plaintiff was also instructed to inform the Court of the date or approximate date of his transfer from the Clements Unit and attach copies of relevant Step 2 grievances showing the responses by prison officials.

By his June 9, 2005 pleading entitled "Submission of Court-Ordered Statement of Facts" plaintiff states he was transferred from the Clements Unit on or about December 2004.

Plaintiff then goes on to complain of forced hair cuts and medical care in the form of ear wax removal or cleaning by a Dr. Kerigan and three nurses in 1997 while he was housed on the Middleton Unit. Plaintiff states he "personally consider 'Haircuts forced or not to be just another form of 'Rape/Sodomies!'[sic et passim, emphasis in the original]." Plaintiff complains that, in the summer of 2001 a Mr. Marlowe defaced a medical pass or "deaf pass" plaintiff had been given.

Plaintiff complains that, in May of 1997, at the Clements Unit, he was sexually assaulted by another inmate and, when he reported the incident to two guards, Crites and Rubalcaba, their only response was to tell him that maybe he should go to the infirmary. Plaintiff says that, in 1998, when he reported a sexual assault by another inmate to a Mr. Soto, the guard simply responded "whey didn't you slam the door shut?, & beat the Hell out of him?"

Plaintiff further complains that, in 1999 he was sexually assaulted all summer and a foot doctor propositioned him. Plaintiff also complains that, in 2000, a guard named Marlowe demanded sex from plaintiff in front of inmates and guards on several occasions whenever plaintiff worked in the kitchen and First Sergeant Shields harassed inmates about getting a haircut every chance he got.

Plaintiff then informs the Court he was raped several times before his incarceration and as a child, that he has served twelve years on a ten year sentence. Plaintiff complains in vague and conclusory terms of his convictions and revocation of probation and/or parole.

By his original complaint, plaintiff requests "Complete & un-conditional Release & Re-instatement of all [his] clients 'Naturalized Civil Rights & Privileges & Hearing for 'Damages [sic et passim].'"

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Plaintiff's allegations concerning his convictions and the revocation of his probation or parole are too vague to state a claim and, further, are presently barred by plaintiff's inability to fulfill the *Heck*[3] requirement that he show favorable termination.  Plaintiff's own

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of <u>Spears</u> should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

pleadings and request for release show his convictions and revocation have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Consequently, plaintiff's claims in this respect lack an arguable basis in law and are frivolous until the *Heck* conditions have been met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

To the extent plaintiff is requesting immediate or speedier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31 F3d 279, 283 n.4 (5th Cir. 1994).

Plaintiff has been expressly informed of the Court's need for the dates of the alleged acts or omissions and has responded by complaining of acts which occurred beginning in 1997 and ending sometime in the year 2000.

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied.  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Plaintiff filed the instant cause on or after October 29, 2004, well after expiration of limitations.  Consequently, plaintiff's claims lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

Pursuant to Title 28 United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff SIMM CALVIN LILES, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS, FOR FAILURE TO STATE A CLAIM

4

AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Any claims plaintiff has presented which sound in habeas are DISMISSED WITHOUT PREJUDICE to being asserted in a habeas corpus action.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED THIS   15th   DAY OF JUNE, 2005.

>  /s/ Mary Lou Robinson
>  MARY LOU ROBINSON
>  UNITED STATES DISTRICT JUDGE